UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Mark and Marie Roberts

    v.                                        Civil No. 20-cv-970-JD
                                              Opinion No. 2021 DNH 030

Johnson & Johnson and
Ethicon, Inc.

O R D E R

Marie Roberts and her husband, Mark, bring product liability claims, other tort claims, and a claim for loss of consortium against Johnson & Johnson and Ethicon, Inc., which arise from Marie's injuries caused by a mesh device. The defendants move to dismiss several of the Robertses' claims. The Robertses did not file an objection.

Standard of Review

When, as here, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is unopposed, the court may not deem the lack of a response to be procedural default. Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 145 (1st Cir. 2004). Instead, the district court remains obligated to "examine the complaint itself to see whether it is formally sufficient to state a claim." Id.

To state a claim, the complaint must allege facts that support a plausible claim for relief, that is, a claim that is more than merely conceivable or a "sheer possibility." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In examining the complaint, the court takes the factual allegations as true and takes reasonable inferences from those allegations in the plaintiff's favor. Doe v. Pawtucket Sch. Dept., 969 F.3d 1, 7 (1st Cir. 2020).  "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." Artuso v. Vertex Pharm., Inc., 637 F.3d 1, 5 (1st Cir. 2011).

## Background

In their amended complaint, the Robertses allege that Ethicon and Johnson & Johnson developed, marketed, and sold pelvic mesh products beginning in 2002.  In September of 2013, Marie Roberts underwent a surgical implantation of a Gynecare TVT device to treat stress urinary incontinence.  Marie had a second surgery in October of 2017 to remove the device because it had "started banding and become exposed," which caused pain and a variety of other symptoms.

Marie Roberts alleges strict liability claims of failure to warn and design defect, Counts I and II, and a claim for

2

negligence, based on the defendants' design, labeling, instructions, warnings, sale, marketing, and distribution of the Gynecare TVT device, Count III.  She alleges a claim of negligent misrepresentation, Count IV, and a claim for breach of express warranty, Count V.  Count VI is a claim that the defendants violated the New Hampshire Consumer Protection Act.  Mark Roberts brings a claim for loss of consortium, Count VII.

## Discussion

The defendants move to dismiss Counts III, IV, V, and VI in the amended complaint.  As is noted above, the Robertses did not file a response.  Nevertheless, as is required, the court examines the complaint to determine whether plausible claims are alleged.

    A.  <u>Negligence Claim – Count III</u>

The defendants argue that the Robertses' negligence claim must be limited to the same product liability theories as their strict liability claims.  They cite no authority to support that argument, and the court is not aware that any such rule exists under New Hampshire law.  New Hampshire defines product liability actions broadly and does not limit the underlying

legal theories that may be brought as product liability actions.[1] See RSA 507-D:1, I; Pigulski v. Johnson & Johnson, Inc., 2019 DNH 097, 2019 WL 2582540, at *3-*4 (D.N.H. June 24, 2019). Therefore, the defendants have not shown that the negligence claim is improperly or insufficiently pleaded because it includes theories beyond those raised in support of the strict liability claims.

B.  Negligent Misrepresentation - Count IV

The defendants argue that a claim of negligent misrepresentation charges fraud and must be pleaded with particularity under Federal Rule of Civil Procedure 9(b).  Under New Hampshire law, however, negligent and intentional misrepresentation are different torts with different elements. Compare Tessier v. Rockefeller, 162 N.H. 324, 333 (2011) (intentional misrepresentation or fraud), with Wyle v. Lees, 162 N.H. 406, 413 (2011) (negligent misrepresentation).  While a claim for intentional misrepresentation is a claim for fraud and must meet the pleading standards of Rule 9(b), a claim for

---

[1] The court notes that in Pigulski, the same defendants represented by the same counsel argued that the negligence claim must be dismissed as duplicative because it alleged the same legal theories as the strict liability claims.  It appears that having lost on that argument the defendants are trying the reverse argument here, that a product liability negligence claim is limited to the defects raised in strict liability claims.

4

negligent misrepresentation must meet only the pleading standards of Federal Rule of Civil Procedure 8(a)(2). L'Esperance v. Manhattan Mortg. Corp., 2012 DNH 155, 2012 WL 3839376, at *3 (D.N.H. Sept. 5, 2012).

As the defendants point out, however, a negligent misrepresentation claim will be subject to Rule 9(b) "where the core allegations effectively charge fraud." N. Am. Catholic Educ. Programming Found., Inc. v. Cardinale, 567 F.3d 8, 15 (1st Cir. 2009). The defendants have not shown that the Robertses' allegations in the amended complaint allege fraud rather than negligence.[2] In fact, they fault the Robertses for failing to allege facts to show that they knew their representations were false, which is an element of fraud. The defendants have not shown that Rule 9(b) applies to the negligent misrepresentation claim alleged in Count IV.

C. Breach of Express Warranty – Count V

The defendants argue that Count V is barred by the statute of limitations. Under New Hampshire law, RSA 382-A:2-725

---

[2] The defendants rely on Gergenti v. Ethicon, Inc., 2020 WL 5642001, at *2 (M.D. Fl. Sept. 22, 2020), which is not persuasive in this case because the court stated that Rule 9(b) "applies to actions for negligent misrepresentation brought under Florida law." As the defendants argued thoroughly in their motion, New Hampshire law applies here. They have not shown that Florida and New Hampshire law on negligent misrepresentation is the same.

provides the time limit for breach of express warranty claims. See Caldwell v. Atrium Med. Corp., No. 17-CV-021-LM, 2019 WL 4600382, at *2 (D.N.H. Sept. 23, 2019).  RSA 383-A:2-725 provides that "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued."  "A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered."  RSA 382-A:2-725(2).

    Marie Roberts alleges that the Gynecare TVT device was implanted in September of 2013.  The defendants contend that the tender of delivery necessarily was made before that date and that the cause of action accrued then.  They further contend that because the action was not brought until September of 2020, more than four years after tender of delivery of the device, the breach of express warranty claim is time barred.

    Because the Robertses did not respond to the motion, they did not raise the exception for warranties of future performance or other possible exceptions to the four-year limitation period. See Caldwell, 2019 WL 4600382, at *2.  The court declines to consider the exceptions on their behalf.  Therefore, Count V is dismissed as time barred.

D.  Violation of the Consumer Protection Act – Count VI

The defendants contend that the Robertses do not allege a violation of the CPA because they have not alleged prohibited conduct and have not met the standard of Rule 9(b).  They argue that because the FDA approved the TVT device initially and again after further review in 2011, the Robertses do not and cannot allege actions that violate the CPA.  They also argue that the Robertses do not allege facts that plausibly show that they had a culpable state of mind in marketing and selling the device.

"The CPA [New Hampshire Consumer Protection Act] proscribes unfair or deceptive trade practices in general, and sets forth a list of specific types of conduct that qualify as unfair or deceptive trade practices." Fat Bullies Farm, LLC v. Devenport, 170 N.H. 17, 24 (2017).  The list, however, is not exclusive so that other actions and practices may violate the Act if they "attain a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce." Id.  Further, federal cases interpreting the Federal Trade Commission Act provide guidance as to what actions are unlawful under RSA 358-A. Id.

In their amended complaint, the Robertses allege that the defendants market the Gynecare TVT device as a safe, effective, and reliable medical device.  The allege that contrary to those

representations, Gynecare TVT has high rates of failure, injury, and complications that often cause patients to require additional surgical procedures.  They further allege that the defendants knew of and misrepresented the propensity of Gynecare TVT devices to fail and cause injury, including misrepresentations made to the FDA.  They allege that the defendants have made incomplete and misleading disclosures to the FDA about the device.  They make further allegations about the defendants' actions and failures with respect to the safety and efficacy of the TVT device.

In product liability cases that arose from a different mesh device, another judge in this district considered similar grounds raised to dismiss CPA claims and concluded that the plaintiffs' allegations, which were similar to those made here, were sufficient to avoid dismissal.³ Caldwell, 2019 WL 4600382, at *6; Blackwood v. Atrium Med. Corp., 2019 DNH 128, 2019 WL 3779698, at *4 (D.N.H. Aug. 12, 2019).  To the extent the defendants rely on FDA actions to oppose the CPA claim, that defense would require consideration of materials that are

---

³ Manufacturers and sellers engage in unfair and deceptive practices in violation of the Federal Trade Commission Act by misrepresenting the effectiveness or safety of their products. See, e.g., F.T.C. v. Pantron I Corp., 33 F.3d 1088, F.T.C. v. Willms, 2011 WL 4103542, at *10 (W.D. Wash. Sept. 13, 2011); F.T.C. v. Sili Neutraceuticals, LLC, 2008 WL 474116, at *5 (N.D. Ill. Jan. 23, 2008).

extrinsic to the amended complaint, which is not appropriate in the context of a motion to dismiss under Rule 12(b)(6).  See Newman v. Lehman Bros. Holdings Inc., 901 F.3d 19, 25 (1st Cir. 2018).  For that reason, the defense would be more appropriately presented in a motion for summary judgment.

## Conclusion

For the foregoing reasons, the defendants' motion to dismiss (document no. 19) is granted as to the claim for breach of express warranty, Count V, and is otherwise denied.

SO ORDERED.

                                                  Joseph A. DiClerico, Jr.
                                                  United States District Judge

February 4, 2021

cc:  Counsel of record.